IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **3 STEP SPORTS LLC** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 25-2853 |
| | : | |
| **VANGUARD ELITE VOLLEYBALL ACADEMY, LLC, CENTER COURT EVENTS, LLC, BRIAN MCCANN, CHRISTINE A. MCCANN, BRIDGET CAREY, NICOLE REELS, JOHN SCHOTT, CHRISTOPHER SMITH, G3 SPORTS, LLC, MCB SOLUTIONS LLC, L&N BUSINESS ADVISORY LLC** | : : : : : : : : | |

# ORDER

**AND NOW**, this 30th day of January 2026, upon considering Defendants' Motion to compel (ECF 70) as to the production of employee text message data, electronically stored information involving Mr. Fertitta, and either producing documents or a privilege log from Deanna Sheridan, Plaintiff's Response (ECF 71), following today's conference with counsel (ECF 72), mindful of the parties' ongoing obligations under our October 8, 2025 Order (ECF 38), and for good cause, it is **ORDERED** Defendants' Motion to compel (ECF 70) is **GRANTED in part** requiring:

1. Plaintiff shall:

   a. Produce identified employee text message data as to all identified employees on a rolling basis as soon as available after passing lawyer review by no later than **February 10, 2026**;

   b. Amend the privilege log shared with Chambers earlier today so as to be shared with Defendants by no later than **February 3, 2026** to include specifics as to the invoked privilege and more detail as to meeting its burden on demonstrating work product, self-incrimination, or legal (not business) advices to or from counsel (and not just copied to counsel);

2. The parties work in continued good faith to:

a. Confirm all necessary deposition dates and times (mindful counsel can cancel if unnecessary after supplemental document review) for remaining witnesses by emails to each other by no later than **February 5, 2026**;

b. Narrow the privilege concerns given our specific guidance today and mindful we will promptly require (upon motion) the parties show cause in Memoranda not exceeding five pages as to why we should not appoint a Rule 53 discovery master (at their normal hourly rates) to review the asserted privileges and documents *in camera* should the parties continue to dispute a burdensome number of assertions granting the discovery master the Rule 53 discretion to allocate their fees as warranted based upon the validity of the asserted privileges;

3. We:

a. **Deny** Defendants' requested relief as to Mr. Fertitta or Attorney Sheridan's text messages on her devices without prejudice to be renewed if necessary (e.g.,, to enforce a valid subpoena upon Mr. Fertitta) with offers of proof as to his or her involvement based on testimony expected to be adduced or in other produced evidence; and,

b. **Amend** our October 8, 2025 Order (ECF 38) upon consent <u>only</u> to grant the parties leave to move for summary judgment narrowed to questions of law and compliant with our Policies by no later than **March 2, 2026** with a response due by **March 16, 2026**.

                                                                                           **KEARNEY, J.**